[Cite as *In re G.F.*, 2011-Ohio-1823.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

IN RE: G.F.                      :

                                 :     C.A. CASE NO. 24193

                                   :     T.C. CASE NO. JC10-2669

                                   :     (Civil Appeal from Common
                                         Pleas Court, Juvenile Div.)

. . . . . . . . .

## O P I N I O N

Rendered on the 15th day of April, 2011.

. . . . . . . . .

Mathias H. Heck, Pros. Attorney; Carley Ingram, Asst. Pros. Attorney, P.O. Box 972, Dayton, OH 45402-1913
    Attorneys for Plaintiff-Appellee

Jennifer Horner, Atty. Reg. No.0079769, P.O. Box 49441, Dayton, OH 45449
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} G.F., a minor child, came to the attention of Montgomery County Children's Services (MCCS) in March 2010, after his mother failed to send him to school during February and March. After G.F. was adjudicated a dependent and neglected child on May 27,

2010, MCCS requested a disposition awarding temporary custody of G.F. to his father. On July 12, 2010, a dispositional hearing was held in Montgomery County Juvenile Court.

{¶ 2} Heather Wenrick, the MCCS caseworker handling G.F.'s case, testified that (1) G.F. had been living with his father for five months prior to the hearing, and was doing very well; (2) G.F.'s basic needs were being met by his father; (3) father's home study had been approved; (4) father maintains stable housing and income; and, (5) father provides for the medical and educational needs of G.F. Wenrick further testified that G.F.'s mother has appropriate housing for G.F., receives unemployment compensation, but struggles with mental health issues and attended only four or five out of nine possible visitations with G.F., which was detrimental to G.F. According to Wenrick, MCCS cannot determine whether it is appropriate to return G.F. to his mother until she completes parenting and psychological evaluations.

{¶ 3} G.F.'s mother testified that shortly after G.F. was born his father moved to Florida without telling her and was gone for one year. When he returned, she allowed him to once again be part of G.F.'s life. Visitations by G.F.'s father were inconsistent. G.F.'s mother believed she was treated unfairly by MCCS, that they favor placing G.F. with his father, and that MCCS had not

given her the opportunity or resources she needs to prove she can adequately care for G.F. Mother's concerns with G.F.'s father include the fact that he smokes marijuana, that on one occasion six months ago when she came to pick up G.F. the father was high, and that there were past domestic violence incidents between father and mother.

{¶ 4} G.F.'s father testified that he did leave for Florida eight months after G.F. was born in order to get off drugs. Father was gone for five or six months, and has not used drugs since he returned to Ohio. Father's concerns with G.F.'s mother are that she is not consistent in her visitations with G.F. and it is difficult to contact her, which negatively impacts G.F. Father believes G.F.'s mother is incapable of handling G.F.'s behavioral problems or her own problems, and that G.F.'s mother has neglected G.F.'s physical and mental health care needs. G.F.'s father denies any prior domestic violence or current drug usage.

{¶ 5} On July 21, 2010, the Juvenile Court issued its Decision finding that it is in the best interests of G.F. to be placed in the temporary custody of his father. The court made the following findings:

{¶ 6} "The Court makes the following findings of fact: (1) the Agency has made reasonable efforts to prevent the removal of

the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return home; (2) the relevant services provided by the Agency to the family of the child are: case management; information and referral; (3) those services did not prevent the removal of the child from the child's home or enable the child to return to the mother's home because the mother, (J. H.), has experienced medical and psychological problems which have caused inconsistencies in her ability to properly parent the child; (4) the mother has been inconsistent at times with arriving for visitation on time and has had problems maintaining consistent follow up on treatment for anxiety and related mental health issues (5) mother has not consistently provided for the child's education and dental needs; (6) the Guardian ad Litem recommends temporary custody to the father with expanded visitation for the mother; (7) the parents need to complete their assessments and follow through with all recommended treatment."

{¶7} G.F.'s mother timely appealed to this court from the Juvenile Court's Order awarding temporary custody of G.F. to his father. Appellate counsel for G.F.'s mother filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate

review. We notified G.F.'s mother of appellate counsel's representations and afforded her ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 8} Appellate counsel has identified two possible issues for appeal.

**FIRST ASSIGNMENT OF ERROR**

{¶ 9} "THE TRIAL COURT'S FINDING THAT THE AGENCY MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD FROM THE CHILD'S HOME, TO ELIMINATE THE CONTINUED REMOVAL OF THE CHILD FROM THE CHILD'S HOME, OR TO MAKE IT POSSIBLE FOR THE CHILD TO RETURN HOME IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 10} Prior to removing a child from his or her home, the public children's services agency has the burden to demonstrate that it made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. R.C. 2151.419(A). Reasonable efforts are good faith efforts. *In re Crawford* (1988), Montgomery App. Nos. 17085, 17105. The issue is not whether the agency (MCCS) could have done more, but whether it did enough to satisfy the

reasonableness standard. *In re Smith*, Miami App. No. 2001-CA-54, 2002-Ohio-1786.

{¶ 11} A juvenile court's custody decision will not be reversed absent an abuse of discretion. *In re M.D.*, Butler App. No. CA2006-09-223, 2007-Ohio-4646. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 12} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 13} Where an award of custody is supported by substantial competent, credible evidence in the record, that award will not be reversed as being against the manifest weight of the evidence. *In re M.D.; Davis v. Flickinger*, 77 Ohio St.3d 415, 1997-Ohio-260.

{¶ 14} In accordance with R.C. 2151.419(B)(1), the trial court set forth in its findings a brief description of the services provided by the agency to the family of G.F., and why those services did not prevent removal of G.F. from his home.  A review of this record reveals substantial competent, credible evidence in the record that supports the trial court's findings.  Accordingly, the trial court's finding that MCCS made reasonable unification efforts is not against the manifest weight of the evidence.  This assignment of error lacks arguable merit.

SECOND ASSIGNMENT OF ERROR

{¶ 15} "THE COURT'S TEMPORARY CUSTODY ORDER TO FATHER IS NOT IN THE CHILD'S BEST INTEREST AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 16} A court must make its custody decision in accordance with the best interests of the child.   *In re M.D.*  The trial court concluded, based upon the evidence presented, that it was in G.F.'s best interest to award temporary custody of him to his father. In addition to the testimony presented at the hearing that we have already discussed, we note that the guardian ad litem filed a detailed report in this case recommending temporary custody be awarded to the father with expanded visitation for the mother.

{¶ 17} A review of this record reveals substantial competent,

credible evidence in the record that supports the trial court's "best interest of the child" finding. Therefore, the court's custody decision is not against the manifest weight of the evidence. There is no arguable merit in this assignment of error.

{¶ 18} In addition to reviewing the possible issues for appeal raised by G.F.'s mother's appellate counsel, we have conducted an independent review of the trial court's proceedings and find no error having arguable merit. Accordingly, this appeal is without merit and the judgment of the trial court will be affirmed.

DONOVAN, J. And HALL, J., concur.

Copies mailed to:

Carley J. Ingram, Esq.
Jennifer Horner
Hon. Nick Kuntz
J.H. (Mother)